## HAMLIN RAND *versus* SAMUEL SHERMAN.

A writ of attachment may be used in the commencement of a real action, and goods may be attached and held to pay the costs of the suit.

THIS was a writ of entry. The tenant craved oyer of the writ, which was as follows.

## " THE STATE OF NEW-HAMPSHIRE.

GRAFTON, ss.   To THE SHERIFF, &c.

We command you to attach the goods or estate of Samuel Sherman, &c. to the value of fifty dollars, and summon the said Sherman to appear, &c. then and there to answer to Hamlin Rand, &c. in a plea of land, &c.

He then prayed judgment of the writ, because it was not in the form by law prescribed for a writ, in such a case.

To this plea there was a demurrer, and the tenant joined in the demurrer.

*J. Smith*, for the demandant.   The question is, whether a writ of attachment is a proper process in a real action, and whether property may be attached, to secure the payment of the costs, in such an action ?

The forms of writs, prescribed by statute, are general, and are left, by the legislature, to be applied to particular cases, according to the principles of the common law.

That a writ of capias was once used in real actions, is certain ; and the statute of February 9, 1791, provided, " that no person, against whom any action of ejectment, or trespass and ejectment, shall be brought, in this state, shall be held to special bail, but his or her own bail shall be deemed sufficient." If a capias was never used in real actions, this provision was idle and nugatory.

But the statute of January 2, 1829, enacted, " that no person, against whom any real action, or any action of

ejectment, or trespass and ejectment, shall be brought, shall be liable to be arrested on *mesne process* in such suit." This statute has taken away a capias, in a real action, but it is very clear, that, until this statute was passed, the body might have been arrested on *mesne process*, in a real action. And if the body was liable to arrest in such a case, *a fortiori*, an attachment of goods was lawful, and a writ of attachment still remains, a proper process, in such a case.

*Goodall* and *Woods*, for the tenant.

*By the court.* In practice, it has rarely, if ever, happened, of late years, that a writ of attachment has been used, in the commencement of a real action. The process in common use, in such cases, has been a summons. But we see no reason why a writ of attachment may not be used. In personal actions, goods and estate may be attached, and held to pay the costs, as well as the debt or damage. We are, on the whole, of opinion that the plea must be adjudged insufficient.